**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**          aw9361
------------------------------------------------------------X
**IN RE:**                                                        **Chapter 13**
    **ANTHONY BHARAT,**                              **Case No. 09-77499-ast**
    **Debtor**
------------------------------------------------------------X

**ATTORNEY'S AFFIRMATION IN SUPPORT OF THE**
**MOTION TO LIFT AND VACATE THE STAY**

TO: **HON. ALAN S. TRUST**, United States Bankruptcy Judge:

    ALAN H. WEINREB, ESQ., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

    1. I am the Managing Partner of THE LAW OFFICES OF ALAN WEINREB, PLLC, Of Counsel to Pitnick & Margolin, the attorneys for **WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2004-3 ASSET-BACKED CERTIFICATES, SERIES 2004-3,** hereinafter referred to as "MOVANT", and as such I am fully familiar with the circumstances of this case.

    2. I make this affirmation in support of APPLICANT'S Motion for an Order vacating the automatic stay imposed by virtue of 11 U.S.C. Section 362 (a).

    3. The Movant's application is brought pursuant to F.R.B.P. 4001, for an Order: (i) modifying and terminating the automatic stay pursuant to 11 U.S.C. Sections 362 (d)(1) and 362 (d)(4) permitting Movant to exercise all of its rights and remedies as the owner of the Premises known as **200 Kings Park Road, Commack, New York 11725**, currently occupied by the Debtor, Champa Bharat (a prior Debtor), Angelo Bernardo Done (a prior Debtor), Heidi Grullon, and others unknown to Movant**;** and (ii ) granting such other and further relief as this Court deems just and proper.

    4. That the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code on **October 5, 2009. Marianne DeRosa** has been appointed interim

Chapter 13 Trustee. Said filing stayed the execution of a Warrant of Eviction for the Movant's premises in which the Debtor resides. This is the eighth (8th) bankruptcy proceeding filed by this debtor Anthony Bharat, and other occupants of Movant's property. The following cases have previously been filed by this Debtor and his family members affecting this property, all filed Pro Se, without complete schedules:

(A) Champa D. Bharat, Case No. 09-70902-ast, filed 2/17/09, dismissed 4/6/09
(B) Anthony Bharat, Case No. 04-80254-mlc, filed 1/14/04, dismissed 4/13/04
(C) Anthony Bharat, Case No. 08-75454-ast, filed 10/2/08, dismissed 12/11/08
(D) Champa D. Bharat, Case No. 09-75469-ast, filed 7/24/09, dismissed
(E) Anthony Bharat, Case No. 04-73034, filed in 2004, dismissed
(F) Anthony Bharat, Case No. 03-85731, filed in 2003, dismissed
(G) Anthony Bharat, Case No. 09-77499, filed 10/5/09
(H) Angelo Done, Case No. 08-70180, filed 1/14/2008, dismissed

Said filings indicate that the present filing is part of a scheme to delay and hinder the Movant from acquiring possession of its property.

5.      That by Referee's Deed dated April 14, 2008 issued in connection with a Judgment of Foreclosure and Sale dated June 19, 2007, in an action to foreclose a mortgage made by Angel Done as recorded in the Office of the Clerk for the County of Suffolk in Liber 20857 Page 456, applicant became the owner of the premises occupied by the debtor and others known as 200 Kings Park Road, Commack, New York 11725. (See Deed annexed as Exhibit 'A').

6.      A Warrant of Eviction was issued to the Sheriff of Suffolk County on August 19, 2008 by the Honorable Kevin Crowley, Judge in the Fourth District Court of Suffolk County, directing that the Applicant be put into possession of the premises so held by it and to evict all occupants therein. (See Exhibit 'B'). Numerous bankruptcy filings have been hindering Movant's possession of this property.

7.      Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including

lack of adequate protection of an interest in property…" As set forth above, cause exists to vacate the automatic stay as the Debtor has no interest in the subject premises and there is no landlord the Tenant relationship between the Debtor and the Movant. Section 362 (d)(4) allows a stay be vacated when the Court finds that the filing was part of a scheme to delay hinder and defraud a secured creditor that involved multiple bankruptcy filings. Said scenario has been described herein. Every time a stay is lifted, another individual files a bankruptcy case to stay Movant.

8. Applicant seeks an order of relief from the automatic stay imposed by 11 U.S.C. § 362(a) so it may continue its possession proceedings previously instituted.

### SUMMARY OF APPLICANT'S POSITION

9. It has been established by precedent that the issuance of a warrant of eviction terminates the landlord tenant relationship under NY RPAPL Section 749. Under the law of New York, applicable here, the issuance of a warrant of eviction cancels the lease between the parties and annuls the relationship of landlord and tenant. *See R*eal *Property Actions & Proceedings Law* Section 749(3). RPAPL § 749(3) provides, in relevant part:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.

10. The filing of a Bankruptcy petition does not resurrect a lease, and a Bankruptcy Court does not have the power to resurrect the lease which was terminated prior to the filing of a lessee's Bankruptcy petition. *See Bell v. Alden Owners, Inc.* 199 B.R. 451, 458 (S.D.N.Y. 1996); *Bucknell Leasing Corp. v. Darwin (In re Darwin)* 22 B.R. 259. 262 (E.D.N.Y. 1982).

11. A state court judgment issued prior to the filing of a Debtor's bankruptcy case is res judicata in the Bankruptcy Case, and the Debtor may not relitigate issues already decided by the state court. *Bell,* 199 B.R., at 458; *Manhattan King David Restaurant, Inc. v. Levine* 163 B.R. 36, 39 (S.D.N.Y. 1993) and *In re Lady Liberty Tavern* 94 B.R., 812, 814 (S.D.N.Y. 1988). A Bankruptcy Court judge should give preclusive effect to a state court's judgment terminating a lease prepetition and awarding possession of the premises to the landlord. The issuance of a warrant in summary proceedings to remove the tenant cancels the lease and annuls the <u>relationship of landlord and tenant.</u> *Federiwicz v. Potomac Ins. Co.* 7 AD2d 330, 183 NYS2d 115 (4th Dept. 1959). The issuance of a warrant in a summary proceedings effects the cancellation of the lease. *D.A.Schulte, Inc. v. Cross* 146Misc 763, 262 NYS 798 (1933).

12. Once the landlord/tenant relationship is terminated based upon the issuance of a warrant of eviction, it may only be revived where the full rental arrears are tendered (with good funds) and accepted by the Landlord, As a corollary, the landlord is free to accept payments against existing arrears, without reviving the landlord/tenant relationship. See *In re Darwin* 22 B.R., 259, 264 (Bankr.E.D.N.Y. 1982) wherein the court, in finding the issuance of a warrant terminated a tenancy, stated as follows:

> The Debtor contends that the fact that he tendered two post petition rent payments to the landlord which were refused, should lead this court to a different result. Unfortunately, for the Debtor, under New York Law, once the warrant of eviction is issued, the landlord is under no obligation to accept the tender of rent and the tendering of same does not reinstate the tenancy. See *In re Barry Dabney Bankr.No.* 79 B 2304 (Coata, B.J. July 12, 1979) aff'd *In re Debney* 3 B.R. 719, 22 C.B.C. 786 (EDNY 1980) Citing *In re Torres supra; 300 West Realty Co. v. Woods supra.*

13. Predicated upon same, the Warrant of Eviction issued on August 19, 2008 should be given preclusive effect. Moreover, in the present case there is no lease or

rental agreement between the Debtor and anyone else and the Applicant **WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2004-3 ASSET-BACKED CERTIFICATES, SERIES 2004-3,** for these premises pursuant to RPAPL § 713(5). The Debtor here is not a tenant but simply a holdover squatter in a piece of property that has already been foreclosed upon, which is not property of the Debtor.

14. Accordingly, there is "cause" as set out in 11 U.S.C. 362(d)(1) and the requirements of Section 362(d)(4) have been met permitting the court to vacate the automatic stay as the Debtor and others continue to reside in Movant's property without any lease or other agreement or ownership interest in the premises to allow him to continue to occupy these premises. Movant has the burden to show that this current filing is part of a scheme of multiple filings to hinder delay and de-fraud the bank. See in re: <u>Abdul Mauhaimin,</u> 343 B.R. 159, 162 and 168. As the debtor or previous bankruptcy debtor or any occupants do not owe Movant any money, nor have any contractual relationship with Movant, these filings can be shown to be done for the sole purpose of preventing the Movant from gaining possession of its property.

WHEREFORE, **WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2004-3 ASSET-BACKED CERTIFICATES, SERIES 2004-3**, respectfully requests an Order in the form presented herewith be granted vacating the automatic stay as to Applicant to enable Applicant to continue its summary proceedings against the premises.

Dated: Syosset, New York
October 14, 2009               /s/Alan H. Weinreb, Esq.
                               Alan H. Weinreb, Esq.